IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02421-CMA-CBS

MICHAEL P. MAROTTA,
    Plaintiff,
v.

CORTEZ, individually and in his official capacity as a Denver Police Officer,
BLACK, individually and in his official capacity as a Denver Police Officer,
THE DENVER POLICE DEPARTMENT, and
THE CITY AND COUNTY OF DENVER,
    Defendants.

---

ORDER
---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Marotta's "Motion for Reconsideration of Order" (filed November 19, 2008) (doc. # 18). Pursuant to the Order of Reference dated November 12, 2008 (doc. # 10) and the memorandum dated November 20, 2008 (doc. # 19), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file and the applicable law and is sufficiently advised in the premises.

Mr. Marotta argues that the court's Order dated November 17, 2008 (doc. # 16) is incorrect for two reasons. First, Mr. Marotta argues that the correct deadline for Defendants to answer or otherwise respond to the Amended Complaint is November 28, 2008. However, Fed. R. Civ. P. 15(a)(3) permits the court in its discretion to establish the time to respond to the Amended Complaint. Thus, the court was within its authority to set December 8, 2008 as the deadline for Defendants to answer or otherwise respond to the Amended Complaint.

Second, Mr. Marotta argues that the court should not have extended the deadline to answer for Defendant Cortez because Mr. Marotta filed a Motion for Judgment by Default against Defendant Cortez on November 4, 2008, prior to the removal of this action from state court. (*See* doc. # 6 at pp. 8-9 of 12). Mr. Marotta filed his Amended Complaint on

1

November 13, 2008. (*See* doc. # 12). An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint. *See Rockwell Int'l Corp. v. US*, 549 U.S. 457, 127 S.Ct. 1397, 1409 (2007) (holding that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction") (citation omitted), *reh'g denied*, 127 S.Ct. 2300 (U.S. May 14, 2007); *Dresdner Bank AG v. M/V Olympia Voyar*, 463 F.3d 1210 (11th Cir. 2006) (holding generally that where court granted motion to amend the complaint to conform to the evidence, the amended pleading supercedes the former pleading); *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotation marks and citation omitted); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . ."). Mr. Marotta's Motion for Default may therefore be denied or stricken as moot on the grounds that it was rendered null by the filing of his Amended Complaint. *See, e.g., Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 835 (N.D. Ill. 1990) (striking motion for default judgment as moot upon filing of amended complaint); *Best Western Int'l, Inc. v. Melbourne Hotel Investors, LLC*, 2007 WL 2990132, *2 (D. Ariz. Oct. 11, 2007) (denying as moot motions for default judgment due to filing of amended complaint).[1]

Accordingly,

---

[1] A copy of this unpublished case is attached to this Order.

IT IS ORDERED that Mr. Marotta's "Motion for Reconsideration of Order" (filed November 19, 2008) (doc. # 18) is DENIED.

DATED at Denver, Colorado, this 20th day of November, 2008.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge