IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-02421-CMA-CBS

MICHAEL P. MAROTTA,

    Plaintiff,

v.

CORTEZ, individually and in his official capacity as a Denver Police Officer,
BLACK, individually and in his official capacity as a Denver Police Officer,
ROCCO-MCKEEL, individually and in his official capacity as a Denver Police Officer,
THE DENVER POLICE DEPARTMENT,
THE CITY AND COUNTY OF DENVER, and
PATRICK SORAN, a private individual,

    Defendants.

## ORDER DENYING REQUEST FOR AMENDMENT OF JUDGMENT

This matter is before the Court on Plaintiff Michael P. Marotta's "Request for Amendment of Judgment of Order" (Doc. # 100) filed in connection with the Court's February 16, 2010 Order granting Defendants' Motions to Dismiss and denying Plaintiff's Motion for Summary Judgment (the "February 16, 2010 Order"). (Order, Doc. # 98; Recommendation, Doc. # 87.) For the reasons discussed below, Plaintiff's "Request for Amendment of Judgment of Order" is denied.

### I. BACKGROUND

On February 16, 2010, the Court issued an Order adopting and affirming a Recommendation of United States Magistrate Judge Craig B. Shaffer, which resulted in the dismissal of Plaintiff's First, Second, Fourth, Fifth, and Sixth Claims for Relief,

as well as the dismissal of Defendants Cortez, Black, Soran, and the Denver Police Department.  The underlying Recommendation addressed the following motions: (1) Defendants Cortez and Black's Motion to Dismiss All Claims pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 59), (2) Defendants Rocco-McKeel's and the City and County of Denver's Partial Motion to Dismiss Claims Pursuant to FED. R. CIV. P. 12(b)(6) (Doc. # 60), (3) Defendant the Denver Police Department's Motion to Dismiss All Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 61), (4) Defendant Patrick Soran's Motion to Dismiss Plaintiff's Fourth Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 64), and (5) Plaintiff Mr. Marotta's Motion for Summary Judgment Pertaining to Defendant Soran (Doc. # 80).

Upon receipt of Plaintiff's timely-filed objections, the Court conducted a *de novo* review of the entire file despite the fact that Plaintiff's objections were arguably not sufficiently specific to mandate one.[1]  The Court noted that Plaintiff's objections contained the same arguments that he presented in opposition to Defendants' Motions. *See Manigaulte v. C.W. Post of Long Island University*, 659 F.Supp.2d 367, 372 (E.D.N.Y. 2009) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations, quotation marks, and brackets omitted).  After a full *de novo* review of the matter, the Court adopted the Report and Recommendation of the

---

[1] *See U.S. v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (stating that a party's objections to magistrate judge's recommendation must be both timely and **specific** to trigger *de novo* review by district court) (emphasis added).

Magistrate Judge and granted Defendants' Motions to Dismiss and denied Plaintiff's Motion for Summary Judgment Pertaining to Defendant Soran.

## II.  ANALYSIS

Plaintiff moves the Court pursuant to FED. R. CIV. P. 59 to "amend its previous Order and [not dismiss] this civil action against Defendants Cortez, Black, Rocco-McKeel, the City and County of Denver, and Soran." (Doc. # 100 at 11.)

Both Plaintiff and Defendants cite to Fed. R. Civ. P. 59 as the applicable authority under which the Court should rule on this Motion.  The parties reliance on this rule, however, is misguided.  Fed. R. Civ. P. 59 concerns the filing of a motion to alter or amend a "judgment."  In the instant case, there have been no judgments.  *See* Fed. R. Civ. P. 54(a).  Therefore, the Court will instead consider this Motion under the proper rule – Fed. R. Civ. P. 60(b).  *See Ptasynski v. CO2 Claims Coalition, LLC*, No. 02-cv-00830, 2007 WL 162742 (D. Colo. Jan. 17, 2007) (citing *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion).

Fed. R. Civ. P. 60(b) allows a court to grant relief from an order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud . . . , misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

-3-

(5) the judgment has been satisfied, released or discharged . . . ; or

(6) any other reason that justifies relief.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

In the instant case, Plaintiff's Motion does not satisfy any of these grounds for relief. Plaintiff has, along with the instant Motion, provided the Court with both video and audio files regarding his arrest. This evidence, however, was not newly discovered. The Court was given a transcript of this evidence in Plaintiff's Objections to Magistrate Judge Shaffer's Recommendation. (Doc. # 88.) In the instant motion, Plaintiff again asserts the same arguments that he presented in opposition to Defendants' motions to dismiss and his Objections to Magistrate Judge Shaffer's Recommendation. In short, there are no "exceptional circumstances" in the instant case justifying relief from the February 16, 2010 Order.

### III. CONCLUSION

Accordingly, Plaintiff Michael P. Marotta's "Request for Amendment of Judgment of Order" (Doc. # 100) is DENIED.

DATED: March 29, 2010

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge