IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-02421-CMA-CBS

MICHAEL MAROTTA,

    Plaintiff,

v.

CORTEZ, individually and in his official capacity as a Denver Police Officer,
BLACK, individually and in his official capacity as a Denver Police Officer,
ROCCO-MCKEEL, individually and in his official capacity as a Denver Police Officer,
THE DENVER POLICE DEPARTMENT,
THE CITY AND COUNTY OF DENVER, and
PATRICK SORAN, a private individual,

    Defendants.

---

**ORDER DENYING DEFENDANT PATRICK SORAN'S MOTION FOR ATTORNEYS' FEES**

---

This matter is before the Court on Defendant Patrick Soran's Motion for Attorneys' Fees. (Doc. # 102). For the following reasons, Defendant's Motion is DENIED.

## I. BACKGROUND

On or about October 6, 2008, Plaintiff Michael Marotta initiated this lawsuit in the District Court for the City and County of Denver, bringing claims under Title 42 U.S.C. § 1983 for violations of his constitutional rights. On November 6, 2008, the action was removed to federal court. (Doc. # 1.)

On February 24, 2009, Plaintiff Marotta filed a Fourth Amended Complaint ("Complaint"). (Doc. # 39.) In his Complaint, Plaintiff Marotta brought four claims for relief against Defendant Patrick Soran: (1) "Violation of Civil Right[ ] against Unlawful Search and Seizure," (2) Violation of Civil Right[ ] against Unlawful Loss of Liberty without Due Process," (3) "Emotional Distress (causation Outrageous Conduct in violation of First, Fourth, Fifth and/or Fourteenth Amendments of the Constitution of the United States," and (4) "Legal and Other Expenses ("Malicious Prosecution based upon violation of First, Fourth, Fifth and/or Fourteenth Amendments of the Constitution of the United States." (*Id.*) These claims arose from two arrests that occurred on March 23, 2007 and November 21, 2007, that Plaintiff Marotta alleged caused him injury. (*Id.* at ¶¶ 49-55, 57-61.) Defendant Soran was alleged to have made false statements and to have signed a false police report. (*Id.* at ¶¶ 41 and 42.)

On April 7, 2009, Defendant Soran filed a Motion to Dismiss pursuant to F<span>ED</span>. R. C<span>IV</span>. P. 12(b)(6). (Doc. # 64.) On November 3, 2009, United States Magistrate Judge Craig Shaffer issued a Report and Recommendation, recommending, in pertinent part, that Defendant Soran's Motion to Dismiss be granted. (Doc. # 87 at 19.)

On February 16, 2010, the Court issued an Order adopting and affirming Magistrate Judge Shaffer's Recommendation (the "February 16, 2010 Order"). (Doc. # 98.) The adoption of Magistrate Judge Shaffer's Recommendation resulted in the granting of Defendant Soran's Motion to Dismiss (Doc. # 64). (*Id.*) In the February 16, 2010 Order, the Court held that because Plaintiff Marotta's claims against Defendant

Soran had no basis in law or in fact, Defendant Soran could seek costs and attorney fees. (*Id.* at 3.)

On March 2, 2010, Defendant Soran filed a Motion for Attorneys' Fees under FED. R. CIV. P. 54 and 42 U.S.C. § 1988(b). (Doc. # 102.) Plaintiff Marotta responded on March 5, 2010. (Doc. # 103.) In his Response, Plaintiff Marotta alleges that Defendant Soran's attorneys were retained by Defendant Soran's insurance company under an insurance policy he carried, and thus Defendant Soran did not pay any attorneys' fees. (*Id.* at 4.) In his Reply dated March 19, 2010, Defendant Soran admits that his insurance carrier provided his defense, but argues that under Colorado law (*see* Colo. Rev. Stat. § 13-21-111.6), attorneys' fees may not be denied or reduced simply because a defendant's insurer paid his attorneys' fees as a benefit pursuant to contract. (Doc. # 110 at 2.)

## II. ANALYSIS

The longstanding 'American Rule,' adopted by the Supreme Court in *Arcambel v. Wiseman*, 3 U.S. 306 (1796), generally bars prevailing parties from recovering attorneys' fees in the absence of a statute or enforceable contract providing for such an award. *See, e.g., Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765 (10th Cir. 1997). One statute which provides for an award of attorney's fees to both prevailing plaintiffs and defendants is the Civil Rights Attorney's Fees Awards Act codified at Title 42 U.S.C. § 1988. In the absence of a statute or contract, attorney fees are recoverable only upon a showing that the losing party acted in bad faith. *Id.* at 765, 769.

Under 42 U.S.C. § 1988(b), "in any action or proceeding to enforce a provision of section[] . . . [42 U.S.C.] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." Determination of what is "reasonable" is within the court's discretion. *See Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986).

In its February 16, 2010 Order, the Court held that, because Plaintiff Marotta acted in bad faith, Defendant Soran could seek costs and attorneys' fees. (Doc. # 98 at 3.). The Court did not hold, however, that Defendant Soran was entitled to fees, only that Defendant Soran could file a motion seeking an award of attorneys' fees.

The Court has discretion on whether to award attorneys' fees. In the instant case, Defendant Soran did not incur any attorneys' fees because his attorneys' fees were paid by his insurance carrier. Defendant Soran argues that COLO. REV. STAT. § 13-21-111.6 precludes this Court from denying an award of attorneys' fees merely because his attorneys' fees were paid by his insurance carrier. The Court finds, however, that the collateral source rule (which is codified in this statute) is not applicable to the Court's determination regarding whether to award the attorneys' fees requested by Defendant Soran. Although the Court's decision might have been different if Defendant Soran's insurance carrier was seeking a right of subrogation for the monies it paid for the defense of Defendant Soran in this lawsuit, these are not the facts being adjudicated. It is not reasonable for this Court to award to Defendant Soran attorneys' fees that he did not incur.

## VII. CONCLUSION

Accordingly, Defendant Patrick Soran's Motion for Attorneys' Fees (Doc. # 102) is DENIED.

DATED: March 29, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge