**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-02421-CMA-CBS

MICHAEL P. MAROTTA,

     Plaintiff,

v.

ROCCO-MCKEEL, individually and in his official capacity
   as a Denver Police Officer, and
THE CITY AND COUNTY OF DENVER,

     Defendants.

---

## ORDER REGARDING REQUESTS FOR FINAL JUDGMENT

---

This matter is before the Court on Plaintiff's Request for Final Judgment or 54(b)

Certification and his Second Request for Final Judgment or Rule 54(b) Certification.

(Doc. ## 124, 137.)  For the following reasons, the Court denies both.

## I.  DISCUSSION

On February 16, 2010, the Court issued an Order adopting and affirming

a Recommendation of United States Magistrate Judge Shaffer, which resulted

in the dismissal of Plaintiff's First, Second, Fourth, Fifth, and Sixth Claims for Relief,

as well as the dismissal of Defendants Cortez, Black, Soran, and the Denver Police

Department.  (Doc. # 98.)  Given these dismissals, only one claim remains:  Plaintiff's

Third Claim for Relief, which alleges a Fourth Amendment violation against Defendants

Rocco-McKeel and the City and County of Denver.[1]  (Doc # 39, ¶¶ 65-68.)

Plaintiff now moves the Court for a final judgment or Rule 54(b) certification

regarding the dismissed claims so that he can prosecute an interlocutory appeal of

them.  Because one claim remains pending, though, there is no final judgment; thus,

Plaintiff cannot pursue an appeal absent the relief sought.  *See* Fed. R. Civ. P. 54(b).

Fed. R. Civ. P. 54(b) provides that:

> When an action presents more than one claim for relief--whether as
> a claim, counterclaim, crossclaim, or third-party claim--or when multiple
> parties are involved, the court may direct entry of a final judgment as to
> one or more, but fewer than all, claims or parties only if the court expressly
> determines that there is no just reason for delay.  Otherwise, any order or
> other decision, however designated, that adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties does not end
> the action as to any of the claims or parties and may be revised at any
> time before the entry of a judgment adjudicating all the claims and all the
> parties' rights and liabilities.

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering

judgment on a distinctly separate claim or as to fewer than all of the parties until the

final adjudication of the entire case by making an immediate appeal available."

*Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (internal

---

[1]  As pleaded, Plaintiff's Third Claim for Relief includes the Denver Police Department
("DPD") as a defendant.  (Doc. # 39, ¶ 67.)  The DPD, however, were dismissed from this case.
(Doc. # 98 at 2-3.)

citations and quotation marks omitted).  However, the standard for certification under

Rule 54(b) is not easily met.

> [A] certification under Rule 54(b) is only appropriate when a district
> court adheres strictly to the rule's requirement that a court make two
> express determinations.  First, the district court must determine that
> the order it is certifying is a final order.  Second, the district court must
> determine that there is no just reason to delay review of the final order
> until it has conclusively ruled on all claims presented by the parties to the
> case.

*Id.* at 1242 (internal citations omitted).

Plaintiff argues that because the claims that were dismissed were separate from

the one remaining, the Court should enter a final judgment as to the former.  (Doc.

# 124, ¶ 5.)  It is true that the claims are separate in at least one sense.  The remaining

claim alleges "physical abuse" whereas the dismissed claims contain no allegations of

physical abuse.  But the fact that the claims are separate in that they present separate

allegations is not enough to justify a Rule 54(b) certification.

The main question for the Court to consider is whether there is no just reason to

delay review of Plaintiff's dismissed claims.  *See Bruner*, 259 F.3d at 1242.  Defendants

present such a reason.  The pending claim and the ones that were dismissed share

defendants.  (Doc. # 134, ¶ 3.)  Thus, the remaining Defendants – Rocco-McKeel and

the City and County of Denver – would have to defend the case in two Courts

simultaneously.  This situation would undermine the policy of Rule 54(b) of seeking to

avoid multiple, piecemeal appeals.  *See Stockman's Water Co., LLC v. Vaca Partners,*

*L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005.)  Accordingly, the Court finds that there is just reason to delay review of Plaintiff's dismissed claims.

## II.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Request for Final Judgment or 54(b) Certification and DENIES his Second Request for Final Judgment or Rule 54(b) Certification.  (Doc. ## 124, 137.)

DATED:  July __6__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge