IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-02421-CMA-CBS

MICHAEL P. MAROTTA,

    Plaintiff,

v.

ROCCO-MCKEEL, individually and in his official capacity
   as a Denver Police Officer, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Request for Reconsideration of Order Regarding Requests for Final Judgment (Doc. # 140). For the following reasons, the Court denies it.

The Court, liberally construing Plaintiff's motion, as it must,[1] concludes Plaintiff is moving for relief pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On February 16, 2010, the Court issued an Order adopting and affirming a Recommendation of Magistrate Judge Shaffer, which resulted in the dismissal of Plaintiff's First, Second, Fourth, Fifth, and Sixth Claims for Relief, as well as the dismissal of Defendants Cortez, Black, Soran, and the Denver Police Department. (Doc. # 98.)  That left one claim remaining: Plaintiff's Third Claim for Relief, which alleges a Fourth Amendment violation against Defendants Rocco-McKeel and the City and County of Denver.  (Doc # 39, ¶¶ 65-68.)  Plaintiff then moved for a Rule 54(b) certification regarding the dismissed claims so that he could appeal their dismissal. (Doc. ## 124, 137.)  The Court denied his motions.  (Doc. # 138.)

Plaintiff now seeks to have the Court reconsiders its Order denying those motions.  In that Order, the Court presented *one reason* why it should not grant Plaintiff's request for Rule 54 certification – because the Defendants remaining in this action, Rocco-McKeel and the City and County of Denver, would have to defend the case in two Courts simultaneously.  (*Id*. at 3.)  Plaintiff attacks this reason. He essentially argues that, if that were the *only reason* to deny his request, it would not be a good one because there are numerous circumstances under which it would be unjust to treat two cases similarly only because they share defendants.  (Doc. # 140, ¶ 5.)  This is true.  But this also misses the point.  The Court cited *one reason*, not necessarily the *only reason*, why it should deny his request.  Moreover, the burden is on Plaintiff, as the moving party, to demonstrate "no just reason" why the Court should not grant him Rule 54(b) certification*.  See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d

2

1236, 1242 (10th Cir. 2001) ("the district court must determine that there is no just reason to delay review of the final order . . . "). As the Tenth Circuit has advised, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973).

Yet Plaintiff, despite now four chances,[2] fails to highlight why the Court should grant his motion for Rule 54(b) certification, *i.e.*, what undue hardship will be avoided by granting his request. He avers that "there is no overlap between the cases except that both cases involve Defendants Rocco-McKeel and the City and County of Denver." (Doc. # 140, ¶ 5.) If true, this may be grounds for Rule 54(b) certification; it suggests Plaintiff would be denied his right to appeal the dismissed claims when they bear no relation to the remaining claim. But it is not true. Plaintiff's claims all arise from the same basic set of facts – two arrests at his home, on March 23, 2007 and November 21, 2007, initiated by his neighbors and which allegedly caused him injury. (*See* Doc. # 39, ¶¶ 49-55, 57-61.) This similarity is yet another reason why the Court should deny Plaintiff's request for certification. *See Bruner*, 259 F.3d at 1241 ("The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a **distinctly separate claim** . . . until the final adjudication of the entire case by making an

---

[2] (Doc. ## 100 at 12; 124, 137, 140.)

immediate appeal available.") (citation omitted, emphasis added). Plaintiff again fails to meet his burden.

Accordingly, because the Court finds that "no extraordinary circumstances" exist compelling the Court to reconsider its prior Order denying his requests, the Court DENIES Plaintiff's Request for Reconsideration of Order Regarding Requests for Final Judgment (Doc. # 140).

DATED: August __12__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge