**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02421-WJM-CBS

MICHAEL P. MAROTTA,

    Plaintiff,

v.

ROCCO-MCKEEL, individually and in his official capacity
   as a Denver Police Officer, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

---

**ORDER ON JUNE 27, 2011 RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on the April 18, 2011 Recommendation of United States Magistrate Judge ("Recommendation"). (ECF No. 173.) In this Recommendation, Magistrate Judge Craig B. Shaffer recommends the Court grant Defendant's Combined Summary Judgment Motion and Brief, ECF No. 154, and that summary judgment on the only remaining Third Claim for Relief in the Fourth Amended Complaint, ECF No. 39, be entered in favor of Defendants. (ECF No. 173 at 15.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

On July 7, 2011, Plaintiff filed an objection to the Recommendation. (ECF No. 174.) In light of this objection, the Court has conducted the requisite review of the issues, the Recommendation, and the objection. For the reasons stated below, the

Court AFFIRMS and ADOPTS the Recommendation.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 10 days after the Magistrate Judge issues his recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made, or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In considering the Magistrate Judge's Recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to

comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

Finally, the Recommendation appropriately defined the Court's review of a defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). *See also*

*Gonzales v. Duran*, 590 F.3d 855, 859 (10th Cir. 2009) (Qualified immunity is "almost always" a question of law.) (citation omitted). "[W]e review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal quotation marks and citation omitted). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez*, 563 F.3d at 1088 (citation omitted). Only if Plaintiff satisfies both of these prongs will the burden shift to Defendant Rocco-McKeel to assume the normal burden of showing that there are no disputed material facts and that he is entitled to judgment as a matter of law. *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008). If "the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995). *See also Wilder*, 490 F.3d at 813 ("If the [defendant]'s conduct did not violate a constitutional right, the inquiry ends and the [defendant] is entitled to qualified immunity.") (citation omitted).

**BACKGROUND**

The following facts, as discussed in the Recommendation, are not in dispute. Police officers were called to Plaintiff's residence at 1200 Vine Street in Denver twice on November 21, 2007. (*See* Marotta Dep., ECF No. 154-1 at 10-11; Rocco-McKeel Aff., ECF No. 154-2 at 2.) After the officers left, Plaintiff called the police back to the premises. (*See* ECF No.154-1 at 12-13; ECF No. 39 at 10 ¶ 36; *see also id.* at 19 ¶ 80 (alleging that "Plaintiff had initiated the call to the Denver Police Department to report on the conduct of its officers when responding to an earlier call. It was when responding to

Plaintiff's call that the arrest was made. . . . Plaintiff was on probation at the time of the arrest.").)  Defendant Rocco-McKeel was present at both calls.  (*See* ECF No.154-1 at 10-11; ECF No.154-2 at ¶ 2; ECF No.158 at 2.)

Plaintiff was expecting a police officer to come to his residence in response to his call to the police station.  (*See* ECF No.154-1 at 13; ECF No.158 at 2.)  Defendant Rocco-McKeel was one of the officers who responded to Plaintiff's call.  (*See* ECF No.154-1 at 14; ECF No.158 at 2.)  The officers knocked on Plaintiff's door and he opened the door.  (*See* ECF No.154-1 at 13-14; ECF No.154-2 at ¶ 4; ECF No.158 at 2.)  Defendant Rocco-McKeel "advised Plaintiff he was being placed under arrest" and asked him to step out of his unit.  (*See* ECF No.154-1 at 15; ECF No.154-2 at ¶ 4.)  Plaintiff said "No."  (*See* ECF No.154-1 at 15; ECF No.154-2 at ¶ 4; ECF No.158 at 2.)  Defendant Rocco-McKeel then grabbed Plaintiff's wrist and pulled him out of the door, across the hall and into the wall.  (*See* ECF No.154-1 at 15; ECF No.154-2 at ¶ 7; ECF No.158 at 2.)

Plaintiff does not dispute that Defendant Rocco-McKeel used a single pulling motion to pull Plaintiff out of his unit and did not strike him in any way.  (*See* ECF No.154-1 at 35-36 ("I can't tell you exactly what happened.  All I know is I was in my unit at one point."); ECF No.158 at 2.)  Plaintiff suffered no bruises, cuts, or other injury from hitting the wall.  (*See* ECF No. 154-1 at 17-18.)  Defendant Rocco-McKeel handcuffed Plaintiff.  (*See id.*)  Plaintiff's reading "glasses popped off" and Officer Black placed them back on his face.  (*See* ECF No.154-1 at 15-16; ECF No.158 at 2.)

Defendant Rocco-McKeel walked with Plaintiff to the elevator, "using the handcuffed hands as a method of control."  (*See* ECF No.154-2 at ¶ 10; ECF No.154-1

at 22.)  Defendant Rocco-McKeel faced Plaintiff against the elevator wall to maintain appropriate control.  (*See* ECF No.154-2 at ¶ 10.)  When Plaintiff attempted to turn to talk to Officer Nyugen, Defendant Rocco-McKeel turned him back to face the elevator wall. (*See* ECF No.154-2 at ¶¶ 11-13; ECF No.154-1 at 22, 24-25.)  Plaintiff was transported to the jail and transferred to the custody of the Denver Sheriff's Department. (*See* ECF No.154-2 at ¶ 15; ECF No.154-1 at 23.)

Plaintiff did not seek medical treatment at the jail or later as a result of the events on November 21, 2007.  (*See* Marotta Dep., ECF No.154-1 at 5, 8-9; ECF No.158 at 2.) It is undisputed that Plaintiff has no physical impairment, suffered no psychological injury, and suffered no economic damages resulting from the events on November 21, 2007.  (*See* ECF No.154-1 at 6-7, 9, 26-27.)  Plaintiff does not dispute that the events of November 21, 2007 did not affect his ability as an advanced skier.

## DISCUSSION

Plaintiff's one remaining claim, "Physical Abuse (violation of Fourth Amendment of the Constitution of the United States)" alleges Plaintiff was abused by Defendant Rocco-McKeel, a Denver police officer, both at the time of his arrest by being thrown across a hallway and subsequent to the arrest, by being shoved against an elevator wall. (ECF No. 39 at 16 ¶ 66.)  Plaintiff alleges he was "brutally handcuffed" such that he now has a scar on his right wrist.  (*Id.*)  Plaintiff further alleges that Defendant City and County of Denver ("Denver") failed to ensure that the Denver Police Department properly instructed, oversaw, and supervised its officers conduct, and was therefore negligent and a party to the actions of Defendant Rocco-McKeel.  (*Id.* at 16 ¶ 68.) Defendant Rocco-McKeel moves for summary judgement on the Third Claim for Relief

based on qualified immunity. (ECF No. 154 at 9.) Defendant Denver moves for summary judgment based on Plaintiff's failure to demonstrate municipal liability. (*Id.* at 16.)

**A.     Defendant Rocco-McKeel**

In the Recommendation, the Magistrate Judge first considered whether Defendant Rocco-Mckeel used excessive force in arresting Plaintiff by pulling him from his building unit into the hallway, turning him against the wall in the elevator, and handcuffing him too tightly. The Magistrate Judge found that it was reasonable, under the circumstances, for Defendant Rocco-McKeel to conclude that Plaintiff may have posed a threat to the safety of the officers or other building residents and to promptly gain physical control over Plaintiff and place him under arrest. (ECF No. 173 at 9 (citing *Cortez v. McCauley*, 478 F.3d 1108, 1128-30 (10th Cir. 2007)).)

Upon review of the record and a videotape of the elevator ride, the Magistrate Judge found that Defendant Rocco-McKeel's conduct in the elevator also did not constitute a violation of the Fourth Amendment. (*Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).) As for the scar, the Recommendation notes that Plaintiff had a rollerblading accident in August 2007, which resulted in a cut to his right wrist, a scab or scar, and heightened sensitivity. (*Id.* at 10 (citing ECF No. 15401 at 19-21).) Plaintiff's left wrist, however, sustained no injury. (*See* ECF No. 154-1 at 21.) The Magistrate Judge found Plaintiff's evidence of injury insufficient, as a matter of law, to support an excessive force claim based on the use of handcuffs. (ECF No. 173 at 10 (citing *Cortez*, 478 F.3d at 1129).) The Magistrate Judge recommends Defendant Rocco-McKeel be granted qualified immunity because the force demonstrated by the record

does not exceed what was reasonable to effectuate a lawful arrest under the circumstances. (*Id.* at 11.)

Plaintiff did not provide a specific objection to this portion of the Magistrate Judge's Recommendation. (*See* ECF No. 174.) The Court, therefore, need not conduct a *de novo* review of this claim. Upon consideration of the Recommendation as to the claim against Defendant Rocco-Mckeel, the Court hereby adopts the Recommendation as the findings and conclusions of this Court. Thus, Defendant Rocco-McKeel is granted qualified immunity on Plaintiff's Third Claim for Relief in the Fourth Amended Complaint.

**B.    Defendant Denver**

In the Recommendation, the Magistrate Judge next considered whether Defendant Denver failed to ensure that the Denver Police Department properly instructed, oversaw, and supervised its officers conduct, and was therefore negligent and a party to the actions of Defendant Rocco-McKeel. The Recommendation appropriately discussed the standard for liability on this claim. A municipality or other governmental entity "can be found liable under [42 U.S.C.] § 1983 [("§ 1983")] only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citation omitted). Thus, in order to hold the Defendant Denver liable under § 1983, Plaintiff must prove that "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir.1998) (citation omitted).

As the Recommendation states, without an underlying constitutional harm inflicted by an officer, Defendant Denver has no liability. (ECF No. 173 at 13 (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).) Thus, the Magistrate Judge recommends the Court rely on its finding of qualified immunity of Defendant Rocco-McKeel to preclude the imposition of any municipal liability and grant summary judgment on the Third Claim for Relief as to Defendant Denver. (*Id.*)

The Magistrate Judge further found that Plaintiff failed to allege or demonstrate sufficient facts to establish an unconstitutional custom or policy or a direct causal connection between a Denver custom or policy and the alleged constitutional violation. (*Id.* at 15.) Accordingly, the Magistrate Judge recommends that Defendant Denver be granted summary judgment on the Third Claim for Relief.

Plaintiff did not provide a specific objection to this portion of the Magistrate Judge's Recommendation. (*See* ECF No. 174.) The Court, therefore, need not conduct a *de novo* review of this claim. Upon consideration of the Recommendation as to the claim against Defendant Denver, the Court here adopts the Recommendation as the findings and conclusions of this Court. Thus, Defendant Denver is granted summary judgment on Plaintiff's Third Claim for Relief in the Fourth Amended Complaint.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Recommendation of the Untied States Magistrate Judge, ECF No. 173, filed June 27, 2011, is AFFIRMED and ADOPTED in its entirety. For the reasons cited therein and in this Order,

IT IS HEREBY ORDERED that:

1) Defendant's Combined Summary Judgment Motion and Brief, ECF No.

Case 1:08-cv-02421-WJM-CBS   Document 177   Filed 09/30/11   USDC Colorado   Page 10 of 10

154, is GRANTED; and

2) Judgment shall enter in favor of Defendants on Plaintiff's only remaining Third Claim for Relief in the Fourth Amended Complaint, ECF No. 39.

It is FURTHER ORDERED that Plaintiff's Objection to Recommendation of the Magistrate Judge, ECF No. 174, is OVERRULED.

Dated this 30th day of September, 2011.

BY THE COURT:

*[signature]*

William J. Martinez
United States District Judge